IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-CR-30127-MJR |
| ) | |
| KENNETH ROGERS and ) | |
| CHARLES WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## ORDER CANCELING 9/18/17 JURY TRIAL

**REAGAN, Chief Judge:**

Kenneth Rogers and Charles Williams were charged herein in a November 2016 indictment with conspiring to make, utter, and possess counterfeit securities, in violation of 18 U.S.C. 371. The indictment charges Rogers with six additional offenses, each for making a counterfeit security of a state, in violation of 18 U.S.C. 513(a). The current status of the case is as follows.

Defendant Williams was arrested, arraigned, and (following grant of his motions to continue) set for trial September 18, 2017. On September 1, 2017, Williams pled guilty to the charge against him, via a written plea agreement and factual stipulation (Docs. 35-36). The change of plea was taken by Magistrate Judge Donald G. Wilkerson, via consent of the parties (see Doc. 34). A Report and Recommendation as to that guilty plea will be ripe for the undersigned District Judge's resolution on September 19, 2017.

Defendant Rogers has not been arrested and has not initially appeared. Obviously trial cannot proceed on September 18, 2017, as Defendant Williams has entered a guilty plea, and Defendant Rogers is a fugitive.

The Sixth Amendment to the Constitution secures to individuals facing criminal charges the right to a prompt trial.  **U.S. Const. amend. VI.**  The Speedy Trial Act of 1974, as amended, 18 U.S.C. 3161, et seq., gives effect to federal defendants' rights to speedy trial under the Sixth Amendment by providing "strict time limits for each stage of the criminal trial process."  ***United States v. Rojas-Contreras*, 474 U.S. 231, 238–39 (1985)(J. Blackmun, concurring).**

The Speedy Trial Act sets inside and outside time limits for commencing trial in a criminal case.  ***Rojas-Contreras*, 474 U.S. at 234.**  The statute fixes the *earliest* date trial can start, securing at the minimum a 30-day trial preparation period for each defendant. And the Act fixes the *latest* day trial can start:  "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  **18 U.S.C. 3161(c)(1).**

Defendant Rogers has not yet appeared before a judicial officer herein.  The United States has filed status reports indicating that diligent efforts are ongoing to apprehend and arrest Rogers (see, e.g., Doc. 30).  The Speedy Trial Act "clock" does not run during any period of time in which a defendant is absent or unavailable, as defined in the Act.  **18 U.S.C. 3161(h)(3).**  Via that provision, Rogers' fugitive status means the speedy trial clock has not yet started to run against him.

Due to Rogers' fugitive status and Williams' guilty plea, the Court **CANCELS** the September 18, 2017 trial (which actually was set as to Defendant Williams only). The United States' next status report is due November 17, 2017, unless developments prior to that date warrant earlier reporting.

IT IS SO ORDERED.

DATED September 5, 2017.

s/ *Michael J. Reagan*  
Michael J. Reagan  
United States District Judge